UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD T. WHITMORE, as Special Trustee under the Amended and Restated Declaration of trust dated August 12, 1997,<br>      Plaintiff,<br>v.<br><br>SYMONS INTERNATIONAL GROUP, Inc.,<br>      Defendant.<br><br>WILMINGTON TRUST COMPANY<br>  Intervenor/Supplemental Defendant,<br><br>CONTINENTAL CASUALTY COMPANY,<br>  Intervenor. | Case No. 1:09-cv-0391-RLY-TAB |

**ORDER ON MOTION FOR LIMITED DISCOVERY RELATING
TO MOTION TO SET ASIDE JUDGMENT**

**I.    Introduction**

After six years of heated litigation, Continental Casualty Company obtained a final judgment against Symons International Group in an amount exceeding $34 million. CCC's judgment was not executable until October 19, 2009, when Judge Young ruled on its remaining claims. While CCC awaited Judge Young's ruling, Bradford Whitmore brought a derivative suit on behalf of Wilmington Trust Company against SIG, seeking $316 million for SIG's default on debt notes from 1997. [Docket No. 1.] SIG did not contest Whitmore's derivative action. [Docket No. 33.] SIG consented to a judgment for the entire $316 million three months after Whitmore filed his complaint but before CCC's $34 million judgment became executable. [*Id.*] CCC intervened and filed a motion to set aside judgment, arguing that Whitmore's judgment was

obtained by collusion and unfairly impeded CCC's interest as a third-party creditor. [Docket No. 49, 75.] CCC subsequently filed this motion for limited discovery relating to motion to set aside judgment. [Docket No. 83.]

CCC alleges that SIG owns and/or controls WTC, the trust on whose behalf Whitmore brought his derivative action. [*Id*.] Whitmore vehemently refutes CCC's allegations, claiming CCC's allegations are factually and legally deficient. [Docket No. 87.] WTC joins Whitmore's arguments, but alternatively requests that the Court restrict discovery to information directly relevant to CCC's claims of collusion and fraud should it permit CCC to conduct limited discovery. [Docket No. 88.] SIG concedes that CCC may be entitled to limited discovery, but contends that the information sought by CCC is either protected by attorney-client privilege or outside the scope of discovery. [Docket No. 85.] For the reasons given below, the Court grants CCC's motion for limited discovery relating to motion to set aside judgment.

## II. Discussion

A court may set aside a judgment if a party engaged in "fraud, misrepresentation, or misconduct." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), a party must show that it has a meritorious claim that it was prevented from "fully and fairly presenting" at trial as a result of the adverse party's fraud, misrepresentation, or misconduct. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010). Rule 60(b) relief is an extraordinary remedy granted only in exceptional circumstances. *Id*. at 759. However, Rule 60(b)(3) does not displace a judge's power to set aside judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). A party seeking to set aside judgment under Rule 60(b)(3) must prove fraud by clear and convincing evidence. *Wickens*, 620 F.3d at 759 (citing *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008)).

2

Although CCC must ultimately show fraud on the court by clear and convincing evidence, the Court retains broad discretion over preliminary discovery. Once the evidence demonstrates a "colorable" claim of fraud, the Court may exercise its discretion to permit preliminary discovery and evidentiary hearings. *Pearson v. First NH Mortg. Corp.*, 200 F.3d 30, 35 (1st Cir. 1999). The "colorable claim" standard is appropriate in fraud cases because claimants who have been denied preliminary discovery are unlikely to carry their burden by clear and convincing evidence, notwithstanding an abundance of circumstantial evidence. *Id*. Therefore, it is within the Court's broad discretion to determine whether the particular facts warrant post-judgment discovery.

Here, the evidence demonstrates a colorable claim of fraud sufficient to warrant limited post-judgment discovery. The fact that Whitmore gained priority as a creditor over CCC shortly before CCC's judgment became final does not alone amount to a colorable claim of fraud. However, SIG's failure to contest Whitmore's derivative action is peculiar in light of the high judgment amount and SIG's litigious history. This is not to say that SIG must litigate each and every claim levied against it, but it is highly unusual for any defendant—nonetheless a historically litigious one—to permit such a large claim to go unchallenged. CCC has also presented circumstantial evidence showing that Whitmore and SIG may not be adverse parties. Neither Whitmore nor SIG has responded with sufficient facts to show otherwise. After considering the totality of the circumstances, the Court finds that CCC has demonstrated a colorable claim for fraud on the court. Accordingly, the Court will permit limited discovery to determine (1) whether Whitmore and SIG are adverse parties, (2) whether Whitmore's derivative action was motivated by an undisclosed intent to secure priority over CCC as a creditor, and (3)

whether SIG chose not to contest Whitmore's claim in an attempt to displace CCC as a creditor.

CCC's proposed inquiries into SIG's attorney-client communications present obvious privilege concerns, but these questions can be asked and answered in such a way so as not to infringe these concerns. For instance, CCC could ask SIG whether it consulted an attorney, to which SIG could answer, as it has already answered, "yes." CCC may not discover the nature of SIG's attorney-client communications, but it can discover the identity of SIG's attorney, when SIG retained its attorney, the dates on which the attorney was consulted, and other such non-privileged information. However, CCC's discovery of matters relating to SIG's relationship with its attorney must be extraordinarily limited.

The Court will allow CCC to conduct limited discovery on the three issues noted above. CCC may depose Bradford T. Whitmore, Christopher Rogowski, and Doug Symons. Each deposition shall be limited to no more than 4 hours. Additionally, CCC may submit no more than ten requests for production to each of these parties. The parties may agree to modify these limitations.

## III.  Conclusion

CCC's motion for limited discovery relating to motion to set aside judgment [Docket No. 83] is granted consistent with this order.

Dated:  03/01/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

W. Daniel Deane
NIXON PEABODY LLP
ddeane@nixonpeabody.com, cnoonan@nixonpeabody.com,
man.managing.clerk@nixonpeabody.com

Patrick Joseph Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com, sclark@cdattorneys.com, cmcqueen@cdattorneys.com

Thomas J. Dillon
MCFADDEN & DILLON, P.C.
t.dillon@mcdillaw.com, mdlaw@mcdillaw.com

Michael C. Eddy
COLLIGNON & DIETRICK, P.C.
meddy@cdattorneys.com

Kevin M. Fitzgerald
NIXON PEABODY LLP
kfitzgerald@nixonpeabody.com,
cmahoney@nixonpeabody.com,cbuonopane@nixonpeabody.com

Edward Paul Grimmer
egrimmer@austgenlaw.com, bfaulstich@austgenlaw.com

James A. Hardgrove
SIDLEY AUSTIN LLP
jhardgrove@sidley.com, efilingnotice@sidley.com

Thomas Andrew Herr
BARRETT & MCNAGNY LLP
tah@barrettlaw.com

Michael B. Knight
COLLIGNON & DIETRICK, PC
mknight@cdattorneys.com, sclark@cdattorneys.com,
cmcqueen@cdattorneys.com,ljoseph@cdattorneys.com

Marc Andrew Menkveld
STEWART & IRWIN P.C.
mmenkveld@silegal.com, tball@silegal.com

Michael H. Michmerhuizen
BARRETT & MCNAGNY LLP
mhm@barrettlaw.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com, drichards@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com, efilingnotice@sidley.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com, bjackson@silegal.com, dedmondson@silegal.com