UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| BRADFORD T. WHITMORE, as Special Trustee under the Amended and Restated Declaration of Trust dated August 12, 1997, | ) ) ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYMONS INTERNATIONAL GROUP, INC., | ) ) | 1:09-cv-391-RLY-TAB |
| Defendant, | ) | |
| | ) | |
| WILMINGTON TRUST COMPANY, | ) | |
| Intervenor/Supplemental Defendant, | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) ) | |
| Intervenor. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

On March 30, 2012, the court granted Continental Casualty Company's ("CCC")

motion to set aside the $316 million dollar default judgment entered on July 8, 2009, in

favor of Bradford T. Whitmore ("Plaintiff"), as Special Trustee under the Amended and

Restated Declaration of Trust dated August 23, 1997, and against Symons International

Group, Inc. ("SIG"), because the judgment constituted a fraud on the court under Federal

Rule of Civil Procedure 60(d)(3).  Plaintiff now moves for interlocutory appeal of the

court's ruling.

1

## I.      Standard for Interlocutory Appeal

Under Section 1292(b), a district judge may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

A party moving for an interlocutory appeal bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  Stated differently, the grant of an interlocutory appeal is an exception to the general rule that a party may only appeal a final judgment, and, as such, should be granted "sparingly and with discrimination."  *Smith v. Ford Motor Co.*, 908 F.Supp. 590, 600 (N.D. Ind. 1995).  The decision of whether to grant or deny an interlocutory appeal lies within the discretion of the district court.  *Id.*

## II.     Discussion

Plaintiff contends there are two controlling questions of law that, if reversed, would conclude this litigation:

    1.    Whether a creditor may establish that it has suffered the requisite Rule 60 prejudice solely as a result of its voluntary unopposed intervention in a lawsuit for the purpose of vacating a final judgment secured by another competing creditor on the grounds of fraud on the court;

    2.    Whether Plaintiff, as a matter of law, was limited by the Trust

Agreement and the Indenture to prosecuting his action as a representative of all Trust Preferred Securities Holders or whether he could have sought recovery on only his Trust Preferred Securities for his sole benefit.

The phrase "question of law" relates to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). The framers of section 1292(b) intended the term "question of law" to refer to a "'pure' question of law rather than an issue that might be free from factual contest." *Id.* at 676-77. It is one that the court of appeals can "decide quickly and clearly without having to study the record." *Id.* at 677. As such, questions of fact and questions of contract interpretation are not appropriate matters for interlocutory appeal. *Id.*

The first question proffered by Plaintiff fails to meet the threshold criteria for certification for two reasons. First, the issue of prejudice is a question of fact. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975) (issues of delay and prejudice are issues of fact); *Tennyson v. Babcock & Wilcox Co.*, 1979 WL 2023, at *4 (S.D. Ind. June 22, 1979) (denying motion to certify under section 1292(b) because "issues of delay and prejudice are questions of fact and are thus not subject to appellate review until decided by the Court."). Second, the court's finding of prejudice inherently encompassed far more than the single sentence cited by Plaintiff and is, as CCC contends, a gross distortion of the court's decision. A close reading of the court's decision establishes that the court's finding of prejudice was not based solely upon CCC's intervention in this case,

necessitated by its after-the-fact discovery that Plaintiff obtained a $316 million dollar default judgment while it awaited a final judgment against SIG in a separate case in this court, *IGF, et al. v. Continental Casualty, et al.*, Case No. 1:01-cv-0799-RLY-MJD.  It was also based upon evidence that Plaintiff and SIG colluded in this litigation with the purpose and effect of obtaining a speedy judgment against SIG, thereby obtaining a priority interest ahead of CCC.  The evidence in this regard was so strong that the court found it met the clear and convincing threshold.

The second question proffered by Plaintiff also fails to meet the threshold criteria for certification.  First, the question involves issues of contract interpretation.  *Ahrenholz*, 219 F.3d at 676 ("[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind.").  Second, the court's decision did not determine, as a matter of law, that Plaintiff could not have brought a direct action in his individual capacity against SIG for non-payment of the Notes pursuant to the Indenture and Trust Agreement.  The court merely noted that Plaintiff did not "seem to seriously consider" the option.  This was but one factor that the court considered in determining collusion, and it was not one of the more important ones.  Thus, Plaintiff's second question does not present an issue subject to immediate appellate review.

In addition, Plaintiff did not present any argument on the second certification factor – whether there is substantial ground for difference of opinion – nor convince the court that an immediate appeal would materially advance the ultimate termination of this

4

litigation.

Lastly, whether to grant a motion to set aside a judgment is a matter left to the court's discretion.  *Smith*, 908 F.Supp. at 600.  Discretionary decisions "are exceptionally poor candidates for § 1292(b) certification" because they rarely involve a controlling question of law.  *Coan v. Nightingale Home Healthcare, Inc.*, 2006 WL 1994772, at *4 (citations omitted).

For all of the reasons set forth above, Plaintiff's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Docket # 151) is **DENIED**.

**SO ORDERED** this <u>13th</u> day of August 2012.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Patricia M. Petrowski
SIDLEY AUSTIN LLP
ppetrowski@sidley.com

Michael  Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

Kevin M. Fitzgerald
NIXON PEABODY LLP
kfitzgerald@nixonpeabody.com

Michael H. Michmerhuizen
BARRETT & McNAGNY LLP
mhm@barrettlaw.com

Mary F. Schmid
STEWART & IRWIN, P.C.
mschmid@silegal.com

Edward Paul Grimmer
AUSTGEN KULPER & ASSOCIATES, P.C.
egrimmer@austenlaw.com

Thomas J. Dillon
McFADDEN & DILLON, P.C.
t.dillon@mcdillaw.com

W. Daniel Deane
NIXON PEABODY LLP
ddeane@nixonpeabody.com

Marc A. Menkveld
STEWARD & IRWIN P.C.
mmenkveld@silegal.com

Thomas D. Collignon
COLLIGNON & DIETRICK
tcollignon@cdattorneys.com

Patrick J. Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Copy to:

Dale R. Crider
CNA Center
222 S. Wabash Ave., 43rd Fl.
Chicago, IL 60604